UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH R. SANTOS,

    Plaintiff,

v.                                                 Case No. 8:25-cv-31-WFJ-LSG

BRUCE BARLETT, District Attorney
for the Sixth Judicial Circuit Court of
Florida,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff Elizabeth R. Santos moves to proceed *in forma pauperis*, Doc. 3. Santos sues Bruce Barlett, the State Attorney for the Sixth Judicial Circuit Court of Florida. Docs. 1, 4. Because the complaint fails to state a claim upon which relief may be granted, I recommend denying Santos's motion to proceed *in forma pauperis*, Doc. 3, and dismissing without prejudice Santos's amended complaint. Doc. 4.

**I.    BACKGROUND**

Santos initiated this *pro se* discrimination action against the defendant on January 6, 2025. Doc. 1. In her initial complaint,[1] Santos claimed that Barlett

---

[1] Santos's initial complaint is titled "Compulsory Counterclaim for Violation of Due Process." Doc. 1 at 1.

infringed on her rights in violation of the Fourteenth Amendment, 18 U.S.C. § 219, 42 U.S.C. § 1983, 42 U.S.C. § 1995, "C.F.R. § 72.11," and 28 C.F.R. § 8.3(2). Doc. 1. Santos alleged that, before taking her to jail, "Trooper Tyler Husbands" forced her to the ground while she stood on a friend's back porch. Doc. 1 at 2. Santos explained that she was fingerprinted, dressed in a jail uniform, and secured in a cell. Doc. 1. at 2. She claims that she "wasn't informed of the charges" against her until twenty-four hours later. Doc. 1 at 2. Santos claims that her bond was set "extremely high" and she "bonded out" two weeks later. Doc. 1 at 2. Following her release, Santos claimed the "states Att" moved to revoke her bond on December 10, 2024, based on the claim that she was a "danger to civilians." Doc. 1 at 2. Santos alleges that she suffered damages from this alleged violation of her civil rights and requests that the defendant "show [her] the law tha[t] claims he can violate her due process." Doc. 1 at 2.

Santos filed her initial complaint without paying the filing fee. Thus, I ordered Santos to either pay the filing fee or move to proceed *in forma pauperis* by January 23, 2025. Doc. 2. Santos filed a motion to proceed *in forma pauperis* on January 13, 2025. Doc. 3. On February 3, 2025, Santos filed an amended complaint.[2] Doc. 4. In her amended complaint, Santos alleges that a pending state court case, number 24-03636, is "null and void" because it violates her rights under the Fifth, Sixth, and

---

[2] Santos filed a document titled "Violation of Due Process," which repeats and expands her claims against the defendant. Thus, as explained further below, I construe her filing as an amended complaint based on the document's content. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Fourteenth Amendments. Doc. 4 at 1. Santos explains that "the state as an abstract entity cannot be both the accuser and the injured party simultaneously" and claims that the charges against her violate her right to confront and to cross-examine witnesses. Doc. 4 at 1–2. Santos explains that "traffic laws" are commercial and, therefore, do not apply to private "individuals" engaged in "noncommercial" travel. Doc. 4 at 2. She asserts that the state's cases against her are void because there is no injured party and because she is entitled to "face an accuser." Doc. 4 at 2. Santos seeks compensation for the violation of her rights under 18 U.S.C. § 245(2)(e). Doc. 4 at 2.

To support these claims, Santos alleges that, on the evening of April 17, 2024, she ran away from a friend's porch when "Defendants someone" climbed over a nearby privacy fence. Doc. 4 at 2–3. An officer followed Santos, "threw her to the ground," handcuffed her, and took her to the Pinellas County jail. Doc. 4 at 3. At the Pinellas County jail, Santos says she was photographed, fingerprinted, forced to strip off her clothes in front of female officers, and dressed in a uniform. Doc. 4 at 3.

Santos then describes a state court case from Hillsborough County and explains that she seeks compensatory damages for her 2008 Suzuki motorcycle. Doc. 4 at 5. She argues that the "same applies," which suggests that, like the Pinellas County case, the Hillsborough County case violated her rights. *See* Doc. 4 at 5. On October 31, 2024, Officer L. Haugstab stopped Santos as she rode the motorcycle a block from her home. Doc. 4 at 5. Santos called her uncle to "step outside" with the title to the Suzuki. Doc. 4 at 5. Officer Haugstab instructed Santos to stop the engine,

step off the motorcycle, and present her driver's license. Doc. 4 at 5. Santos informed Officer Haugstab that she possessed no driver's license. Doc. 4 at 5. Santos sought to release the Suzuki to her uncle, who held the title. Doc. 4 at 6. Officer Haugstab "matched" the title with the Suzuki's VIN but told Santos that the motorcycle would be towed. Doc. 4 at 6. Santos says she was then handcuffed and taken to jail. Doc. 4 at 6. Santos claims that the Suzuki was improperly towed to a location farther than the distance required by law. Doc. 4 at 6. She claims that once she posted bail, the "bill" for her the Suzuki was $1,600. Doc. 4 at 6. The motorcycle was later auctioned. Doc. 4 at 6. She claims that Officer Haugstab lacked authority because her uncle was "there ready to walk [the title] over 100 feet to our house." Doc. 4 at 6. Santos seeks $11,899.00 or the return of her motorcycle. Doc. 4 at 6.

## II.     LEGAL STANDARD

A plaintiff must pay a filing fee to commence a civil action in federal court. 28 U.S.C. § 1914(a). However, with the Court's authorization, a litigant may proceed *in forma pauperis*, or without pre-paying the requisite filing fee. 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915, a litigant may commence an action "by filing in good faith an affidavit stating . . . that [the litigant] is unable to pay the costs of the lawsuit." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). After reviewing the affidavit to determine the economic status of the litigant, the Court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307

(11th Cir. 2004) (citation omitted); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The Court may dismiss a complaint if the plaintiff's legal theories are meritless or if the complaint's factual allegations fail to state a plausible claim for relief. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted).

A complaint must contain a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing the pleader's entitlement to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)–(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016) (holding that Rule 8 of the Federal Rules of Civil Procedure contains "[t]he bare minimum a plaintiff must set forth in his complaint."). A sufficient pleading must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and state "each claim founded on a separate transaction or occurrence . . . in a separate count." FED. R. CIV. P. 10(b). These pleading requirements

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted.

*Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). A plaintiff demonstrates that his claims have a factual basis by specifically describing "what a defendant did that violated the law." *Brown v. McLeod*, No. 8:23-cv-741-CEH-NHA, 2024 WL 1744304, at *2 (M.D. Fla, Apr. 1, 2024), *R. & R. adopted*, No: 8:23-cv-741-CEH-UAM, 2024 WL 1743322, at *1 (M.D. Fla. Apr. 23, 2024). The factual allegations must provide enough information to lift the plaintiff's claims above the speculative level, that is, more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Ashcroft*, 556 U.S. at 678; *Rivell v. Priv. Health Care Sys. Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the plaintiff's claims must offer more than mere conclusions, labels, and characterizations; a procedurally sufficient complaint alleges specific facts establishing the plaintiff's entitlement to relief. *Ashcroft,* 556 U.S. at 678.

If the complaint's factual allegations are baseless or the legal theories are without merit, the Court may dismiss the complaint before service of process. *Carroll*, 984 F.2d at 393. The Court must construe a *pro se* litigant's pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Regardless of this liberal construction, *pro se* litigants must adhere to the Federal Rules of Civil Procedure and the Middle District of Florida's Local Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

In addition, the Court must ensure subject matter jurisdiction exists over *a pro se* litigant's action independent of Section 1915. *See* FED. R. CIV. P. 12(h)(3) ("If the

6

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). Federal courts have limited jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir.1999). Therefore, the Court must dismiss if the complaint fails to invoke subject-matter jurisdiction under 28 U.S.C. §§ 1331 or 1332. *See* FED. R. CIV. P. 12(h)(3).

### III.  DISCUSSION

A plaintiff typically receives one opportunity to amend a pleading before service of process. *See* FED. R. CIV. P. 15(a)(1); *Hall v. Poppell*, No.: 2:19-cv-878-FtM-38NPM, 2020 WL 814001, at *1 (M.D. Fla. Feb. 19, 2020). "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (quoting *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982)); *see also Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) ("[S]pecific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint.").

Santos filed a document on February 3, 2025, that repeats and expands the claims in her initial complaint. Doc. 4. Construing the pleadings liberally and considering the document's substance, this paper operates as an amended complaint.

7

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Aldana v. Del Monte Produce, N.A., Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005) (explaining that pleadings should be considered based on their substance rather than label). Thus, this report evaluates Santos's amended complaint, Doc. 4, under Section 1915(e). *See Schreane*, 522 F. App'x at 847 ("Once the district court accepts the amended pleading, 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (citations omitted).

### A. Abstention under the *Younger* doctrine.

In her amended complaint, Santos alleges that the defendant violated her rights under the Sixth and Fourteenth Amendments. Doc. 4 at 1. Normally, her claims would trigger this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. However, her claims derive from two pending state court cases against her. Doc. 4. Thus, the *Younger* doctrine requires this Court's abstention. *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, a federal court must abstain from interfering with a state criminal proceeding unless the plaintiff demonstrates (1) that a "great and immediate" danger of irreparable injury exists as a result of the prosecution, (2) that "the state law is 'flagrantly and patently violative of express constitutional prohibitions,'" (3) that the prosecution results from "'bad faith [or] harassment,'" or (4) that "'other unusual circumstances . . . call for equitable relief.'" *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (quoting *Younger*, 401 U.S. at 46–54). The *Younger*

doctrine "is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.7 (11th Cir. 2004) (quoting *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975)). *Younger* abstention applies here (1) because Santos asks this Court to interfere in her ongoing state criminal charges and (2) because she fails to show an exception or "extraordinary circumstances" warranting such interference. *See Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983).

The amended complaint shows that she filed this action to interfere with her pending state cases. Doc. 4. Such an intervention is impermissible and warrants abstention. *Id.* Santos may raise arguments protecting her federal constitutional rights in her pending state cases, but she may not attempt to thwart them here. *Hughes*, 377 F.3d at 1263 n.7.

### B. Section 1915(e) requirements

Here, the amended complaint contains few factual allegations to support Santos's claims that the defendant violated her rights. *See Casey v. Scott*, No. 2:11–cv–580–FtM–29SPC, 2011 WL 5080294, at *3 (M.D. Fla. Oct. 25, 2011). Moreover, Santos fails to provide any legal basis for her claims, which the Eleventh Amendment ultimately bars. Thus, Santos's amended complaint states no plausible claim for relief and fails under Section 1915(e).

1. *Santos provides no legal basis for her claims.*

The amended complaint identifies 18 U.S.C. § 245(b)(2)(E) and an excerpt of 42 U.S.C. § 3631.[3] Doc. 4 at 3–4. Both provisions are criminal statutes that confer no private right of action. *Paletti v. Yellow Jacket Marina, Inc.*, 395 F. App'x 549, 552 n.3 (11th Cir. 2010) (explaining that a criminal statute does not create a private right of action); *Griffin v. Calderon*, No: 6:24-cv-1432-PGB-LHP, 2024 WL 5378959, at *9 (M.D. Fla. Dec. 23, 2024), *R. & R. adopted*, 2025 WL 350401 (M.D. Jan. 31, 2025); *Pearson v. DeSantis*, No. 8:20-cv-1151-T-60CPT, 2020 WL 7248225, at *3 (M.D. Fla. Nov. 24, 2020), *R. & R. adopted*, 2020 WL 7238489 (M.D. Fla. Dec. 9, 2020) (stating that Section 245 does not provide grounds for a private lawsuit); *Kachur v. Bank of Am. Corp.*, No. 3:09-cv-1106-J-32MCR, 2010 WL 3632703, at *1 (M.D. Fla. Sept. 14, 2010) ("The section mainly cited by Plaintiff, § 3631 of the FHA, is a criminal statute and provides no private cause of action."). Therefore, the amended complaint presents no legal basis for her claims.

2. *Santos's claims are barred by the Eleventh Amendment.*

Santos names one defendant in her amended complaint. Doc. 4. That defendant is the State Attorney of the Sixth Judicial Circuit of Florida. Doc. 4 at 1. Under the Eleventh Amendment, states enjoy immunity from federal lawsuits. *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1231

---

[3] Santos does not incorporate these two provisions into any analysis. Rather, she lists the statutory text directly after describing the facts of the first state case but before the facts of the second state case.

(11th Cir. 2000). "This immunity extends to state agencies," including the State Attorney's Office. *See Rich v. City of Jacksonville*, No. 3:09-CV-454-J-34MCR, 2010 WL 4403095, at *3 (M.D. Fla. Mar. 31, 2010) (explaining that the State Attorney's Office "falls within the ambit of the State's Eleventh Amendment immunity."). A lawsuit against a government official in his official capacity is equivalent to a lawsuit against the entity for which he serves. *Farrell v. Woodham,* No. 2:01-cv-417-FTM29DN F, 2002 WL 32107645, at *2 (M.D. Fla. May 29, 2002). This is true for a State Attorney like Barlett, who is specifically considered an "arm of the state" under the Eleventh Amendment. *Perez v. State Atty's Off.*, No. 6:08-cv-1199-Orl-31KRS, 2008 WL 4539430, at *2 (M.D. Fla. Oct. 8, 2008).

  Santos's amended complaint contains no factual allegation to overcome Barlett's immunity. She describes no ongoing violation of federal law and seeks compensatory damages instead of prospective injunctive relief. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (affirming that an exception to a state official's Eleventh Amendment immunity applies if a plaintiff seeks prospective relief). Moreover, the Eleventh Amendment's prosecutorial immunity covers defendant Barlett "for all actions performed within the scope of [his] prosecutor's role as a government advocate." *Harley v. Cooley*, No. 8:08-cv-1761-T-17MAP, 2008 WL 4279651, at *1 (M.D. Fla. Sept. 15, 2008) (citing *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004)); *Elder v. Athens-Clarke Cnty., Ga. Through O'Looney*, 54 F.3d 694, 695 (11th Cir. 1995) ("A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his

office, is immune from an action for damages under § 1983."). Santos nowhere alleges that Barlett acted beyond the scope of his office. Therefore, prosecutorial immunity applies, and Santos's amended claims against Barlett are barred. *Id.*

## IV. CONCLUSION

Accordingly, I recommend denying the motion to proceed *in forma pauperis*, Doc. 3, dismissing the amended complaint, Doc. 4, without leave to amend, terminating any pending motion, and closing the case.

**REPORTED** in Tampa, Florida, on this 23rd day of April, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.